**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **VALLEY VIEW DEVELOPMENT, INC.,**     ) | |
| ) | |
| **Plaintiff,**     ) | |
| ) | |
| **v.**     ) | **Case No. 08-CV-363-TCK-FHM** |
| ) | |
| **UNITED STATES OF AMERICA, ex rel.**     ) | |
| **United States Army Corps of Engineers,**     ) | |
| ) | |
| **Defendant.**     ) | |

## OPINION AND ORDER

Before the Court are United States' Motion to Dismiss (Doc. 105); Plaintiff's Motion for Leave to Join Indispensable Party (Doc. 108) and to Amend Complaint (Doc. 109); and United States' Motion to Strike Plaintiff's Motion for Leave to Join a Party and to Amend Complaint (Doc. 110).

**I.      Background**

This case, which arises under the federal Quiet Title Act ("QTA"), involves a dispute as to whether a 14.64-acre tract of property ("Property") in Delaware County, Oklahoma, is encumbered by an easement owned by Defendant United States of America ("United States").[1]  On June 20, 2008, Plaintiff Valley View Development, Inc. ("Valley View") filed this action seeking a declaration of non-encumbrance, and the United States filed a counterclaim seeking a declaration of encumbrance and other injunctive relief.  On June 4, 2010, the Court entered a 42-page Opinion and Order ("Opinion and Order") ruling on several pending motions, which is incorporated herein by reference (Doc. 88).  With respect to the United States' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court determined that

---

[1]  The Property is divided into portions described by the parties as lots.

it was necessary to conduct an evidentiary hearing to resolve disputed jurisdictional facts. With respect to the parties' respective motions for summary judgment on their claim and counterclaim, the Court denied such motions and found disputed questions of fact.[2] Because this matter was set for a non-jury trial, the Court exercised its discretion to conduct the evidentiary hearing on the United States' motion to dismiss simultaneously to the non-jury trial on the claim and counterclaim. On October 13, 2010, the Court conducted a pretrial conference, resolved outstanding motions in limine, and entered the Pretrial Order. The non-jury trial/evidentiary hearing was set to begin October 25, 2010.

At all times prior to October 18, 2010, it was undisputed that Valley View was the exclusive fee simple owner of the entire Property. This was an undisputed fact set forth in the Opinion and Order and the Pretrial Order. On or around October 18, 2010, while preparing for trial, the United States discovered the existence of two Warranty Deeds dated June 17, 2008 ("6/17/08 Deeds"). In the first deed, Valley View transferred the entirety of Lot 7 and a ½ interest in Lots 1, 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, and 15 of the Property to William K. Corlett and Linda K. Corlett ("Corletts"). This deed was signed by Valley View's President, Don VanHooser ("VanHooser"). In the second deed, the Corletts transferred the same interests in the Property to Lake Locations, LLC ("Lake Locations"). Thus, all factual averments regarding Valley View's fee simple ownership of the entire Property – including those in the Complaint, the Opinion and Order, and the Pretrial Order – are inaccurate.

_____

[2] Although the Court denied summary judgment, the Court reached several legal conclusions regarding construction of the easement that will impact the ultimate outcome.

In briefing on the currently pending motions, the United States explained its discovery of the

6/17/08 Deeds:

> On October 18, 2010, [the United States'] counsel happened to come across records pertaining to the [Property] which are now online on Delaware County's website. The records indicated that two deeds regarding the subject property were filed on June 19, 2008, one day before [Valley View] instituted the present action. This did not comport with the copy of the abstract that Defendant had, in 2009, requested and received from Grand River Abstract & Title Co., the holder of the base abstract for the subject property, which listed the most recent title transaction as the 2006 deed by which Valley View acquired the property. [The United States] contacted Grand River Dam Abstract & Title Co. to investigate this discrepancy and was informed that the title company had mistakenly failed to include the two deeds from June 2008 when the abstract was originally ordered. The title company apologized for the mistake and sent the [United States], via fax, copies of the deeds.

(Mot. to Dismiss 3-4; *see also* 10/18/10 Fax from Grand River Abstract & Title Co. to United States,

Ex. 1 to Mot. to Dismiss ("Here are the deeds that you requested. Once I locate the file I will figure

out why they were left out. I apologize for the mistake and inconvenience.").) The United States

informed Valley View's counsel of the existence of the 6/17/08 Deeds and sent him copies of same.

On October 19, 2010, after receiving the 6/17/08 Deeds from the United States, Valley View

filed an Unopposed Emergency Motion to Extend Trial Date (Doc. 102). In such motion, as

explanation for its failure to previously disclose the deeds, Valley View asserted:

> Valley View's counsel were previously unaware of the existence of the deeds or purported ownership interest in the property by third-parties. Valley View's counsel promptly confirmed with Mr. Don VanHooser, Valley View's President, that the deeds are genuine. Valley View had not disclosed the conveyances to its counsel. Mr. VanHooser was unaware the conveyances could have an impact on this action. Valley View believes the other owner of a portion of the [Property], Lake Locations, LLC, is a necessary and indispensable party to this action . . . [and that] the trial . . . . should not proceed as scheduled.

The United States did not object to continuing the trial, and the Court struck the trial date.[3]  In

subsequent briefing on the currently pending motions, VanHooser proffered an affidavit stating:

> While I have worked many years as a home builder and residential real estate developer, I am not a lawyer and I am not familiar with the legal requirements of a quiet title action.  I did not know the transfer of a portion of the Property would affect the lawsuit or make it necessary to add Lake Locations as a party.  Because Valley View retained an undivided ½ interest in Lots 1-6 and 9-15 of Bay Pointe, I thought Valley View's interest was the same as Lake Locations' interest.  I assumed that whatever result was reached in this litigation would have the same affect [sic] on Lake Locations as it would on Valley View.  Valley View did not make the transfer for any misleading, dishonest, or fraudulent purpose.

(VanHooser Aff., Ex. 1 to Resp. to Mot. to Dismiss, at ¶¶ 6-7.)  Thus, VanHooser does not deny that

he had knowledge of the 6/17/08 Deeds before and throughout this litigation.

On October 27, 2010, the United States filed a second motion to dismiss, arguing (1) Valley

View should not be permitted to amend its Complaint or add Lake Locations as a party; and (2)

absent such amendment, Valley View's Complaint fails to state a claim for relief pursuant to Federal

Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") because it fails to accurately set forth "the nature

of the right, title, or interest which the plaintiff claims in the real property," *see* 28 U.S.C. §

2409a(d).  Alternatively, the United States moves the Court to dismiss the action with prejudice as

a sanction pursuant to Federal Rule of Civil Procedure 37(c) ("Rule 37"), Federal Rule of Civil

Procedure 16(f) ("Rule 16"), and/or the Court's inherent powers.

---

[3]  In granting the motion, the Court in no way "implicitly" or "expressly" concluded "that the United States would not be prejudiced by joinder of Lake Locations," as now argued by Valley View.  (Mot. to Amend 6.)  Nor did the Court "grant[] Valley View's motion for continuance based upon the need to add Lake Locations as a party," as stated by Valley View.  (Resp. to Mot. to Dismiss 3.)  The Court simply entered a minute order following an unopposed motion for continuance.

On November 8, 2010, Valley View filed a Motion for Leave to Join Indispensable[4] Party and to Amend Complaint ("Motion to Amend").  Valley View argues that (1) Lake Locations is a required party to its claim and to the United States' counterclaim under Rule 19(a);[5] and (2) the Court should allow Valley View to amend its allegations regarding ownership of the Property to comport with the newly discovered deeds.  Valley View contends that the "minimal disruption to the case by the inclusion of Lake Locations is outweighed by the policy in favor of having a full adjudication on the parties' claims in one action."  (Mot. to Amend 6.)

On November 16, 2010, the United States filed a Motion to Strike Plaintiffs' Motion for Leave to Join a Party and to Amend Complaint (Doc. 110), arguing that Rule 37(c)(1) prevents Valley View from using the deeds in support of its Motion to Amend.  Specifically, the United States argues that "Valley View simply cannot withhold information for unexplained reasons and then use that information as the basis for a motion requesting extraordinary relief."  (Mot. to Strike 4.)

## II.    Factual Findings/Alternative Courses of Action

The 6/17/08 Deeds were executed by VanHooser three days prior to the filing of the Complaint and were filed in Delaware County one day prior to the Complaint.  VanHooser had an obligation to disclose the 6/17/08 Deeds as part of his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(ii) ("Rule 26") and to provide them to his counsel upon instigating this

---

[4]  The term "indispenable party" is not used in Federal Rule of Civil Procedure 19 ("Rule 19").  The Court uses the term "required party" for consistency with Rule 19.

[5]  Although it argues that Lake Locations is a required party to the United States' counterclaim, Valley View did not expressly move the Court to join Lake Locations as a party to the counterclaim.  The United States disputes that Lake Locations is a required party to its counterclaim.  The Court does not reach this issue at this time.

action. During discovery, the United States requested production of "all chain of title documents related to the property at issue in the Complaint." (Ex. 3 to Mot. to Dismiss.) VanHooser still failed to disclose the 6/17/08 Deeds, in further violation of discovery rules. The Court finds that there is no possibility VanHooser somehow forgot about the deeds or did not believe they were relevant to the "chain of title." VanHooser is a real estate developer who, while not an attorney, should be familiar with the phrase "chain of title." VanHooser's explanation for his failure to provide the deeds to his counsel – his conclusion that the deeds were somehow not important to the lawsuit or that Valley View would adequately represent Lake Locations' legal interests – is entirely unavailing. If a party's legal opinion as to relevance was a prerequisite to production, discovery would be meaningless. In short, this is not a case in which VanHooser could have (1) misplaced or forgot about the responsive documents due to the passage of time, or (2) reasonably misinterpreted or misunderstood the discovery request. Ownership of the subject Property is a basic and essential fact in this litigation, which VanHooser initially failed to disclose and subsequently failed to disclose in response to a specific, clear discovery request. The Court finds that VanHooser's decision not to disclose the deeds was willful and/or made with reckless disregard to his legal obligations as a party to this lawsuit.[6]

The Court must decide between several alternatives presented by the parties.[7] First, the Court could deny Valley View leave to amend due to Valley View's undue delay in seeking

---

[6] It appears that counsel for both parties relied solely upon the abstract, which did not list the 6/17/08 Deeds. This is a common practice, and the Court does not find this to be negligent conduct by counsel.

[7] The Court has determined that the three alternatives discussed below are supported by the law and within the Court's discretion. The Court offers specific case law and justification for its selected alternative in Part III below.

amendment, as urged by the United States.  This would likely result in dismissal or judgment[8] in favor of the United States on Valley View's claim, because the current Complaint seeks to quiet title to portions of the Property in which Valley View has no ownership interest.  However, under this scenario, the United States' counterclaim remains pending, and the Court may still be forced to interpret the alleged easement.[9]  The first alternative is undesirable because it results in an awkward procedural posture – resolving Valley View's claim based on something other than the merits, while proceeding with a counterclaim that raises similar core issues.  If the Court is going to resolve issues regarding the Property, it prefers to do so once, on the merits, and for all known parties with an interest therein.

Second, the Court could sanction Valley View – pursuant to Rule 37(c)(1) or Rule 16(f) – by dismissing Valley View's claims with or without prejudice, as also urged by the United States.  VanHooser's conduct fully supports the extreme sanction of dismissal.  *See infra* Part V.  However, such a dismissal results in the same problems inherent in the first alternative.

Third, the Court could join Lake Locations as a required party and permit amendment of the Complaint to conform with the 6/17/08 Deeds, as urged by Valley View.  Based on the United States' representations, this could result in additional discovery, additional work by retained experts,

---

[8]  As argued by Valley View, the 6/17/08 Deeds constitute evidence outside the pleadings and may require conversion of the Rule 12(b)(6) motion to one for summary judgment.

[9]  In its Motion to Dismiss, the United States urged the Court not only to dismiss Valley View's claim but to "find for Defendant on its counterclaim," indicating it would continue to pursue its counterclaim and even seek something akin to default judgment thereon.  (Mot. to Dismiss 20.)  Further, in its response to the Motion to Amend, the United States argued that it could proceed on its counterclaim without Lake Locations as a party.  (Resp. to Mot. to Amend 6.)  However, the United also stated that, in the event of dismissal of Valley View's claim, it would "retain control" of its counterclaim and "may, for example, elect to withdraw it."  (*Id.*)  For purposes of deciding how best to proceed, the Court must assume that the United States would continue to pursue its counterclaim in the event the Court were to dismiss Valley View's claim.

and additional motions. While Valley View purports to know that Lake Locations will adopt its arguments and be prepared to proceed to trial with little disruption to the case, this is mere speculation. Lake Locations has not provided an affidavit or any other indication of its intent. Further, one question in this case is when the statute of limitations began to run, which could be different for Valley View and Lake Locations. Thus, there is at least a possibility that adding Lake Locations would disrupt the litigation. This third alternative is undesirable because it grants Valley View its requested relief, when Valley View was wholly responsible for the waste of time and resources expended thus far. It will also further delay this litigation.

After carefully weighing these options, the Court has decided to: (1) allow Valley View to amend its Complaint to conform to the 6/17/08 Deeds; (2) order that Lake Locations is a required party under Rule 19(a)(1); (3) allow Lake Locations and/or the United States to move for any necessary relief, including time for additional discovery;[10] and (4) impose significant fee-shifting and/or other monetary sanctions upon Valley View. This solution, while less than ideal, accomplishes the following: (1) punishes Valley View for its misconduct; (2) furthers the goal of deciding cases on their merits after full and complete litigation by all parties with interests in the Property; and (3) prevents waste of resources, since the Court and parties have already expended time and effort toward resolving disputed issues regarding the Property. Below is further discussion of this selected alternative and resolution of the pending motions.

## III.     United States' Motion to Strike

---

[10] Any suggestion that Valley View should be allowed to amend but the United States should be given no opportunity for further discovery is untenable.

The United States moved the Court to strike the Motion to Amend because such motion is based on the 6/17/08 Deeds, which were not disclosed as required by Rule 26. *See* Fed. R. Civ. P. 37(c) (a court may sanction a Rule 26(a) or (e) non-disclosure by disallowing use of the non-disclosed information in support of a motion, if the non-disclosing party fails to demonstrate that its non-disclosure was harmless or substantially justified). The Court would be well within in its discretion to prevent Valley View from using the 6/17/08 Deeds in support of its Motion to Amend because non-disclosure of the deeds was neither harmless nor substantially justified. However, Rule 37(c)(1) also provides that the Court may elect other types of sanctions to remedy the non-disclosure, such as ordering payment of expenses caused by the failure. *See* Fed. R. Civ. P. 37(c)(1) (court may elect other sanctions, listed in Rule 37(c)(1)(A)-(C), "[i]n addition to or instead of [the exclusion] sanction").

Striking the Motion to Amend is not in the interest of justice, and other sanctions are more appropriate. *See infra* Part VI. The United States attached the 6/17/08 Deeds to its Motion to Dismiss, and such deeds are already part of the record. The Court must choose the fairest and most equitable manner of proceeding in light of the 6/17/08 Deeds. A sanction that would somehow prevent Valley View from relying upon the deeds to urge a particular method of proceeding is not the most appropriate sanction in this case. Therefore, the Motion to Strike is denied.

## IV. Valley View's Motion to Amend

As explained above, Valley View moved to amend its Complaint to: (1) maintain the original description of the Property, (2) join Lake Locations, the other owner/joint owner of the Property, and (3) amend the Property ownership descriptions. First, the Court will determine whether Lake

Locations is a required party to be joined if feasible under Rule 19(a). Second, the Court will decide

whether to exercise discretion to permit Valley View's request to amend.[11]

###### A. Whether Lake Locations Is a Required Party to be Joined if Feasible Under Rule 19(a)

Rule 19(a) provides:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19(a). Valley View argues that Lake Locations is a required party under both Rule

19(a)(1)(A) and (B) and that Lake Locations can be feasibly joined. If Lake Locations is a required

party that can be joined if feasible, the Court must join Lake Locations as a required party pursuant

to Rule 19(a)(2).[12]

---

[11] The Court is not required to permit amendment even if Lake Locations is a Rule 19 required party. The Court still must consider the general propriety of amendment under the appropriate standard. *See generally Brown v. Daniels*, 290 Fed. Appx. 467, 474 (3rd Cir. 2008) ("While the motion was captioned under Rule 19 of the Federal Rules of Civil Procedure, the Court properly analyzed it under Rule 15, which governs the amendment of pleadings."). Nonetheless, the question of Lake Locations' status informs the Court's discretion to permit amendment and will be discussed first.

[12] The United States does not dispute that Lake Locations can be feasibly joined. Thus, the Court's analysis focuses on Rule 19(a) and not Rule 19(b). *See Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 635 (7th Cir. 2009) ("Once [a required party that can be feasibly joined] has been identified, the Rule prescribes what the court must do. . . . For the set of absentees who meet those criteria, it is Rule 19(a)(2) that specifies the correct response by the court, not Rule 19(b).").

"Compulsory joinder of parties in actions involving real property generally is governed by two factors: (1) the kind of legal interest various persons claim in the property and (2) the type of claim being asserted." 7 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, *Federal Practice & Procedure* § 1621 (3d ed. 2010) [hereinafter *Federal Practice & Procedure*] (in section entitled "Application of Rule 19 in Particular Actions and Proceedings - Real Property"). In the context of quiet title actions, the general rule is that "[a] party who seeks to quiet title to a piece of land must join all known persons who are claiming title in order to settle the property's ownership without additional litigation." *Id.*; *see also Hugoton Energy Corp. v. Plains Res., Inc.*, 141 F.R.D. 320, 322 (D. Kan. 1991) (same); 3a J. Moore, *Moore's Federal Practice* P19.09[1] (1989) (explaining that, in quiet title actions, "all persons interested in the title who will be directly affected by the decree are indispensable parties"). "A federal court should not hesitate to require joinder of absentees whose interest [in real property] may be affected by the action or who otherwise are needed for a just adjudication of the dispute." *Federal Practice & Procedure*, *supra,* § 1621.

Lake Locations owns a one-half interest in a large portion, and an exclusive interest in a small portion, of the Property for which Valley View seeks to quiet title. Without addition of Lake Locations, the Court cannot provide complete or meaningful declaratory or injunctive relief regarding the easement's effect on the Property. *See MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006) (explaining that non-present titleholders to real property are generally required parties because a "district court [can]not grant the relief sought – declaring the plaintiff the titleholder – in the absence of the current or competing titleholders to that piece of property"); *Wright v. Incline Village Gen. Improvement Dist.*, 597 F. Supp. 2d 1191, 1206-07 (D.

Nev. 2009) ("[W]here a plaintiff seeks injunctive or declaratory relief and a third-party has an enforceable interest in the subject matter of the dispute, the court cannot grant complete relief in the third party's absence."); *Hugoton Energy Corp.*, 141 F.R.D. at 322-23 (holding that absent landowners and leaseholders were required parties under Rule 19(a) because "they have a vital stake in the outcome" and "[a]ny judgment rendered in this action, which is nonbinding on the absent parties, might well cause the already parties to incur multiple or inconsistent obligations, as contemplated by Rule 19(a)"); *Webb v. Clarion Res., Inc.*, 95 F.R.D. 491, 492-93 (N.D. Tex. 1982) (proposed defendant that owned lease covering portion of the property at issue was required party because the court's decisions would "determine not only the rights of [the existing defendant] but will be determinative of the right of the [proposed defendant], as the leasehold owner of its portion of the lands in question" and because the court "could not very well shape a judgment and place protective provisions therein to avoid any prejudice to the [proposed] defendants"); *see also Federal Practice & Procedure*, *supra*, § 1621 ("Furthermore, in an action to enjoin the use of an easement on cotenants' land and to compel removal of materials from the easement, all cotenants must be present in the suit even though that may destroy the court's diversity jurisdiction."). The Court cannot afford meaningful relief among the existing parties – namely, issue any declaratory or injunctive relief regarding the Property – in the absence of Lake Locations. Therefore, the Court finds that Lake Locations is a required party under Rule 19(a).

The United States seems to concede that the Court cannot afford complete relief among the existing parties on Valley View's QTA claim, as the Property is currently described in the Complaint. However, the United States argues that Valley View could have moved for amendment to quiet title to Lot 8 of the Property (the portion owned exclusively by Valley View), such that Lake

Locations would not be a required party to this lawsuit. However, the Court finds that the Property should be analyzed as a whole as originally pled in the Complaint, rather than in piecemeal fashion or lot by lot. Further, Valley View made the tactical decision of seeking to add Lake Locations and maintain the Property description as originally pled, rather than seeking to amend the Property description. The former is a more difficult motion to win, but the latter may not have afforded Valley View the declaratory relief it desires. In any event, the Court's role is to decide the Motion to Amend as presented, not second guess this tactical decision. Therefore, although there may be another amendment that would have eliminated Lake Locations' interest in the litigation, that was not the amendment sought by Valley View. Nor does the Court believe such an amendment would allow the parties to meaningfully resolve the dispute.

The United States also argues – persuasively and with good reason – that "Plaintiff and Plaintiff alone is responsible for any failure to obtain complete relief" and that "[t]he fact that a plaintiff cannot achieve the purpose of its suit does not entail that litigation must continue, if the plaintiff is the party to blame for the disruption and prejudice that would cause." (Resp. to Mot. to Amend 11.) Essentially, the United States argues that no amendment should be permitted – regardless of whether Lake Locations is a required party under Rule 19(a) – due to Valley View's undue delay, willful failure to disclose documents, and resulting prejudice of allowing amendment. This argument, which is the crux of the United States' objection to amendment, is addressed in Part B below.

## B.     Whether the Court Will Court Exercise Discretion to Permit Amendment

The parties dispute the standard governing the Motion to Amend.  Valley View urges the Rule 15(a) "when justice so requires" test.  *See* Fed. R. Civ. P. 15(a) ("[L]eave [to amend] shall be freely given when justice so requires.").  The United States urges the Rule 16(e) "to prevent manifest injustice" test, which applies to requests to modify a Pretrial Order.  *See* Fed. R. Civ. P. 16(e) (permitting a court to modify a pretrial order issued after a final pretrial conference "only to prevent manifest injustice").  Alternatively, the United States urges the Rule 16(b)(4) "good cause" test, which applies to requests to modify a scheduling order.  *See* Fed. R. Civ. P. 16(b)(4) (allowing modification of the Court's schedule "only for good cause and with the judge's consent").

Although the requested amendment was filed after the deadline in the scheduling order, the Tenth Circuit has never held that a party seeking amendment of a complaint after the scheduling order deadline must show "good cause" for the amendment, in addition to the Rule 15(a) requirements.  *See Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006) (noting that it had adopted a similar interpretation of Rule 16(b)'s "good cause" requirement in the context of counterclaims asserted after the scheduling order deadline, but not in the context of an amendment to the complaint, and declining to decide the issue).  Therefore, the Court will not apply the Rule 16(b) standard.

The remaining question is whether to apply Rule 15(a) or Rule 16(e).  The Tenth Circuit has held that an "attempt to add a new claim to [a] pretrial order [is] the equivalent of asking leave to amend his complaint, and must be evaluated . . . under the standard set forth in Rule 15(a)."  *Minter*, 451 F.3d at 1204 (applying Rule 15(a) and affirming district court's decision to strike new products liability claim from a pretrial order); *see also Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274,1285

14

(10th Cir. 2006) (applying Rule 15(a) and affirming district court's refusal to allow new claims in a pretrial order). In those cases, however, the new claims were either set forth in the pretrial order or at least proposed at the pretrial stage. In this case, amendment was sought well after the pretrial conference and entry of the pretrial order, bringing Rule 16(e) into play. One district court within the Tenth Circuit, faced with a similar dilemma, did not resolve the issue but instead analyzed both standards. *See Williams v. Denny's, Inc.*, No. 06-4067, 2007 WL 4125777, at *2 (D. Kan. Nov. 13, 2007) ("Under either Rule 15(a) or Rule 16(e), the Court grants plaintiffs' motion to modify the Pretrial Order to substitute Den-Tex Central, Inc. as the defendant in this matter."). This Court also need not resolve this question. Under either standard, the Court exercises its discretion to permit amendment because "justice so requires" and also "to prevent manifest injustice."

### 1. Rule 15(a)

Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The purpose of such rule "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (internal quotations omitted). A court may deny leave to amend based on undue delay or prejudice. *See id.*

Valley View engaged in undue delay because it was aware of the facts forming the basis of the Motion to Amend from the outset of the litigation, and Valley View has not provided any adequate justification for this delay. *See Minter*, 451 F.3d at 1206 (explaining that courts may deny leave to amend where the moving party was aware of the facts on which the requested amendment was based for some time prior to the filing of the motion). Further, the United States will likely suffer prejudice – including conducting additional discovery and revising its expert reports. Thus,

the Court would be wholly justified in denying leave to amend. However, the Court finds that justice requires allowing amendment in this case because (1) the United States has asserted a counterclaim seeking nearly identical relief, which could remain pending even if amendment is denied and dismissal is granted; (2) the parties and Court have expended resources in deciding key interpretive issues, which will likely continue to be controlling even if amendment is permitted; (3) Lake Locations is a required party to be joined if feasible under Rule 19(a); and (4) Lake Locations may be feasibly joined, such that a Rule 19(b) analysis is unnecessary. These four reasons and the interest of resolving the dispute over the Property in one proceeding outweighs any undue delay and prejudice.

### 2.      Rule 16(e)

Rule 16(e) permits modification of a pretrial order only to prevent manifest injustice, and the burden of demonstrating manifest injustice is on the party moving for modification. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). For the same four reasons explained above, the Court finds that modification of the Pretrial Order is necessary to prevent manifest injustice in this lawsuit. There are serious issues in need of resolution related to the Property. Lake Locations may be feasibly (albeit belatedly) joined as a party in order for the existing parties to fully adjudicate these issues. The Court agrees with the United States that it will suffer prejudice, that Valley View engaged in willful and reckless conduct, and that the trial will be disrupted. *See Koch*, 203 F.3d at 1222 (outlining these and other factors that can support denial of leave to amend pretrial order on appeal). However, the case is still in a posture where prejudice can be cured, and a trial affording complete relief among all owners or alleged owners of the Property will prevent manifest injustice.

## V.     United States' Motion to Dismiss

The United States' motion to dismiss the existing Complaint pursuant to Rule 12(b)(6) is denied as moot, as the Court will permit amendment to conform to the 6/17/08 Deeds.  The United States' motion to dismiss the current Complaint as a sanction for failing to disclose the deeds under Rule 26(a) or (e) – which is made pursuant to Rule 37(c)(1)(C) (authorizing "other possible sanctions" in event of violation) – would be a permissible sanction in this case.  *See Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 37 (1st Cir. 2001) (explaining that dismissal is a contemplated sanction of Rule 37(c)(1) and affirming exclusion of expert and resulting dismissal where failure to disclose expert was not substantially justified or harmless).   In addition, the United States' motion to dismiss as a sanction for failing to comply with the Court's scheduling orders and/or to participate in good faith in the pretrial conference – which is made pursuant to Rule 16(f)(1)  – is also a permissible sanction in this case.  *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (explaining that dismissals and defaults are routinely upheld where the parties themselves neglected cases or refused to obey court orders).  However, for the reasons explained above, the Court finds that a lesser sanction than dismissal is appropriate and best serves the ultimate interests of justice.  Therefore, the United States' Motion to Dismiss (Doc. 105) is denied.

## VI.     Sanctions - Rule 16(f)

Although Valley View's conduct warrants sanctions under various federal rules, the Court intends to sanction Valley View pursuant to Rule 16(f).[13]  Rule 16(f) provides:

---

[13] The United States has not expressly moved for any lesser sanctions than dismissal and has not filed a motion for sanctions.  Nonetheless, Rule 16(f) allows the Court to issue sanctions on "[o]n motion or on its own."  Fed. R. Civ. P. 16(f)(1).  The Court intends to do so, after giving both

(f) Sanctions.
(1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
(A) fails to appear at a scheduling or other pretrial conference;
(B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
(C) fails to obey a scheduling or other pretrial order.
(2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court *must* order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

(emphasis added).

"While on the whole Rule 16 is concerned with the mechanics of pretrial scheduling and planning, its spirit, intent and purpose is clearly designed to be broadly remedial, allowing courts to actively manage the preparation of cases for trial." *In re Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984). Rule 16(f) sanctions serve two purposes. "The primary purpose of sanctions in this context is to insure reasonable management requirements for case preparation. The secondary purpose is to compensate opposing parties for inconvenience and expense incurred because of any noncompliance with the reasonable management orders of the court." *Id.* "There can be no doubt that subsection (f) . . . indicates the intent to give courts very broad discretion to use sanctions where necessary to insure not only that lawyers and parties refrain from contumacious behavior, already punishable under the various other rules and statutes, but that they fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Id.* Rule 16(f) "is a codification of the purpose to insist that the court, the lawyers and the parties abandon habits which

---

parties sufficient notice and an opportunity to be heard.

unreasonably delay and otherwise interfere with the expeditious management of trial preparation." *Id.* at 1441. Any Rule 16(f) sanction should impose the penalty "where the fault lies." *Id.* at 1440.

In this case, fault lies with Valley View, and not Valley View's counsel. Based on the above description of the purposes served by Rule 16(f), the Court finds it to be an appropriate vehicle for sanctioning Valley View. Valley View's specific violations of Rule 16 include (1) failing to participate in good faith in the pretrial conference by failing to disclose the deeds, (2) failing to move for amendment to add Lake Locations in accordance with the scheduling order; and (3) unreasonably delaying trial and interfering with the expeditious management of trial preparation.[14] Further, as explained above, Valley View's failure was not substantially justified, and there are no other circumstances that would make an award of fees and costs unjust. *See* Fed. R. Civ. P. 16(f)(2) ("Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."). Thus, the Court intends to impose fee-shifting sanctions upon Valley View as punishment for delaying this litigation and wasting the United States' resources. In the event the Court decides a fee-shifting sanction is insufficient punishment, the Court may also award an independent monetary sanction against Valley View.

The Court will reserve issuing specific sanctions until the case is resolved. The United States will be given a date certain by which to file a brief setting forth its specific expense requests, and Valley View will be given an opportunity to respond and request an evidentiary hearing if desired. The Court considers this to be one of the most significant and unjustified non-disclosures by a party

---

[14] These are in addition to discovery violations sanctionable under other rules.

that it has encountered. Although the Court has decided to grant Valley View its request to proceed with the litigation to conform with the 6/17/08 Deeds and with Lake Locations as a party, such decision cannot be without a severe penalty to Valley View.

## VII. Conclusion

The United States of America's Motion to Dismiss (Doc. 105) is DENIED. Plaintiff's Motion for Leave to Join Party (Doc. 108) and to Amend Complaint (Doc. 109) are GRANTED. The United States' Motion to Strike (Doc. 110) is DENIED.

Lake Locations is a required party that can be feasibly joined under Rule 19(a). Valley View's counsel is ordered to provide notice of this Opinion and Order to Lake Locations. Lake Locations must file a notice with the Court, either pro se or through counsel, as to whether it will voluntarily join the lawsuit as a plaintiff no later than July 8, 2011. If Lake Locations does not voluntary join as a plaintiff, Valley View will be permitted to name and serve Lake Locations as a defendant. *See generally Federal Practice & Procedure*, *supra*, § 1605 (explaining that required absentees who are subject to the jurisdiction of the court but who refuse to join as plaintiffs are properly added as defendants). The Court will set a date certain for amendment of the Complaint at a later time.

It appears that at least one other case – *United States v. Howard*, 10-CV-604-TCK-FHM, may present overlapping legal questions regarding the meaning of the relevant flowage easement.[15] The United States is ordered to advise the Court of any other actions of which it is aware, either

---

[15] Such case is pending before Magistrate Judge Frank H. McCarthy pursuant to the consent of the parties.

currently pending or resolved, that involve interpretation of the same flowage easement at issue in

this case.  Such notice shall be filed no later than July 8, 2011.

**ORDERED THIS 28th DAY OF June, 2011.**

**TERENCE KERN**
**UNITED STATES DISTRICT JUDGE**